UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                   No. 19-CR-594 MV

KEATON OVERTON GUNNELS

    Defendant.

## MEMORANDUM OPINION AND ORDER

       THIS MATTER comes before the Court on Keaton Overton Gunnels' Plea for Abatement [Doc. 67] filed on September 20, 2024. The government filed a Response [Doc. 69] on October 18, 2024. This Court, having considered the memorandum prepared by the United States Probation Office, the briefs and relevant law, and being otherwise fully informed, denies Mr. Gunnels' Plea for Abatement.

## BACKGROUND

       Mr. Gunnels was indicted by a federal grand jury on February 27, 2019 for two counts of making a false statement on a loan or credit application. Doc. 2. He plead guilty to Count 2 of the Indictment on May 25, 2021. Doc. 51, 53. He admitted that he had committed the crimes in Albuquerque, New Mexico. Doc. 51 at 3. The Court entered a judgment against Mr. Gunnels on May 23, 2022 and sentenced him to three days in custody or time served, whichever was less, and four years of supervised release. Doc. 66. Additionally, this Court ordered Mr. Gunnels to pay a special assessment fee of $100 and restitution totaling $95,264.31 to Kirtland Federal Credit Union and Mountain America Credit Union. *Id.* The Order specified that Mr. Gunnels must pay $300 monthly. *Id.* Mr. Gunnels has paid a total of $8,200.00 in restitution thus far. Doc. 68 at 1. On September 20, 2024, just after he received a financial investigation packet to

complete from Probation and just before his scheduled appointment on September 24, 2024 to review the financial investigation packet with an officer, he filed a post-judgment Plea for Abatement, challenging the Court's jurisdiction. Docs. 68, 69. Mr. Gunnels has not yet paid his October 2024 restitution and did not cooperate with Probation's financial investigation.

## DISCUSSION

In his Plea for Abatement, Mr. Gunnels argues that because he is "a living man and not a dead entity or corporation, this court has no jurisdiction to proceed." Doc. 68. The government's response correctly articulates that the Court has proper jurisdiction over the case and Mr. Gunnels' Plea for Abatement is "meritless." Doc. 69.

Pursuant to 18 U.S.C. §3231, federal "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Mr. Gunnels was convicted of a violation of 18 U.S.C. §1014, thus the Court properly has jurisdiction under 18 U.S.C. §3231. Furthermore, Mr. Gunnels essentially attempts to refute the Court's authority based on a sovereign citizen argument. Doc. 68. The Tenth Circuit is clear, however, that such claims are "plainly frivolous." *United States v. Palmer*, 699 F.App'x 836, 838 (10th Cir. 2017); *see also Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting a sovereign citizen argument in the tax-protester context).

## CONCLUSION

This Court denies Mr. Gunnels' Plea for Abatement and will enforce the restitution payments as ordered. Mr. Gunnels must pay his monthly $300 payment for the month of October 2024 within the next ten days, that is by November 1, 2024. He must also cooperate truthfully and in good faith with Probation's financial investigation. If he fails to make the payment in a timely manner, or fails to comply with Probation, he will be in violation of his conditions of release and his supervision may be revoked.

**IT IS SO ORDERED** that the Plea for Abatement [Doc. 67] is DENIED.

ENTERED this 22nd day of October 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE