UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                             No. 19-CR-594 MV

KEATON OVERTON GUNNELS

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Keaton Overton Gunnels' Notice of Special Limited Visitation [Doc. 71], Notice of Parties and Duties of Parties [Doc. 72], Petition for Closed Chambers Hearing [Doc. 75], Petition for Order to Intervene [Doc. 76], Notice of Bill in Equity [Doc. 77], Notice of Parties and Duties [Doc. 85], Notice of Special Limited Visitation [Doc. 86], Notice of Cover Sheet and Declaration of Status [Doc. 102], Notice of Cover Sheet, Jurisdictional Challenge and Demand for Full Accounting [Doc. 103], Affidavit of Mailing [Doc. 104], Notice of Default and Opportunity to Cure [Doc. 105], Notice of Dismissal [Doc. 106], and Certificate of None-Response [Doc. 107]. This Court, having considered the filings and relevant law, and being otherwise fully informed, finds that each of these filings is frivolous and thus any relief requested therein will be denied.

Mr. Gunnels was indicted by a federal grand jury on February 27, 2019, for two counts of making a false statement on a loan or credit application. Doc. 2. He pled guilty to Count 2 of the Indictment on May 25, 2021. Doc. 51, 53. He admitted that he had committed the crimes in Albuquerque, New Mexico. Doc. 51 at 3. The Court entered a judgment against Mr. Gunnels on May 23, 2022, and sentenced him to three days in custody or time-served, whichever was less, and four years of supervised release. Doc. 66. Mr. Gunnels violated his conditions of release and

came before this Court on March 24, 2025, for a final revocation hearing. Doc. 94. During the hearing, Mr. Gunnels admitted that he failed to provide his probation officer with requested financial information and failed to follow the instructions of his probation officer. Doc. 100. The Court sentenced him to a term of imprisonment of two months and 26 days, or time-served through Tuesday, March 25, 2025. *Id.* During the hearing, Mr. Gunnels made sovereign citizen arguments. *Id.* The Court rejected those arguments and noted that it had previously denied his pleading putting forth similar arguments. *Id.*; Doc. 70 (denying Mr. Gunnels' Plea for Abatement [Doc. 67]).

Mr. Gunnels' arguments in the instant pleadings are again sovereign citizen arguments. The government did not file written responses but did identify them as "frivolous" at the preliminary revocation and detention hearing on January 6, 2025. Doc. 96 at 12. As noted in the previous Memorandum Opinion and Order [Doc. 70], the Tenth Circuit has made clear that sovereign citizen arguments are "plainly frivolous." *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017); *see also Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting a sovereign citizen argument in the tax-protester context). "An individual's belief that h[is] status as a 'sovereign citizen' puts h[im] beyond the jurisdiction of the courts has no conceivable validity in American law." *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)) (affirming district judge's dismissal of civil suit against her based on her actions in a criminal case).

Because this Court finds that Mr. Gunnels' arguments are frivolous, the Court denies the requests set forth in the instant pleadings.

Despite being notified via written Order and during his revocation hearing, Mr. Gunnels continues to file frivolous pleadings containing sovereign citizen arguments. The Court finds that

filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings and orders Mr. Gunnels to show cause why the Court should not impose filing restrictions.

The Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

The Court proposes to impose the following filing restrictions on Mr. Gunnels:

Mr. Gunnels will be enjoined from making further filings in this case except objections to this order, a notice of appeal, and a motion for leave to proceed on appeal *in forma pauperis*. The Clerk will be directed to refrain from filing any additional submissions by Mr. Gunnels in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Mr. Gunnels also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to refrain from filing any initial pleading that Mr. Gunnels submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Mr. Gunnels first obtains permission to proceed *pro se*. See *DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Mr. Gunnels must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Mr. Gunnels seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Mr. Gunnels' knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Mr. Gunnels' claims have previously been raised or Mr. Gunnels has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Mr. Gunnels' petition to proceed *pro se* in the

new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Mr. Gunnels' petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Mr. Gunnels' petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i) Mr. Gunnels' Notice of Special Limited Visitation [Doc. 71], Notice of Parties and Duties of Parties [Doc. 72], Petition for Closed Chambers Hearing [Doc. 75], Petition for Order to Intervene [Doc. 76], Notice of Bill in Equity [Doc. 77], Notice of Parties and Duties [Doc. 85], Notice of Special Limited Visitation [Doc. 86], Notice of Cover Sheet and Declaration of Status [Doc. 102], Notice of Cover Sheet, Jurisdictional Challenge and Demand for Full Accounting [Doc. 103], Affidavit of Mailing [Doc. 104], Notice of Default and Opportunity to Cure [Doc. 105], Notice of Dismissal [Doc. 106], and Certificate of None-Response [Doc. 107] are DENIED; and

(ii) Within fourteen (14) days from entry of this Order, Mr. Gunnels shall show cause why this Court should not enter the proposed filing restrictions described above. Mr. Gunnels' written objections to the proposed filing restrictions shall be limited to 10 pages. If Mr. Gunnels does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this Order and will apply to any matter filed after that time. If Mr. Gunnels timely files objections, restrictions will take effect only upon entry of a subsequent order.

ENTERED this 8th day of September 2025.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE