**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                    No. 19-CR-594 MV

KEATON OVERTON GUNNELS

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on the Memorandum Opinion and Order entered on September 8, 2025 ("Order to Show Cause") [Doc. 109] and Keaton Overton Gunnels' Notice of Dismissal [Doc. 110], Declaration of Ancestry, Nationality, and Standing [Doc. 111], Praecipe and Notice of Special Appearance to Vacate Conviction [Doc. 112], Motion to Vacate Judgment/Conviction [Doc. 113], and Certificate of Service [Doc. 114]. This Court, having considered the filings and relevant law, and being otherwise fully informed, finds that each of these filings is frivolous and thus any relief requested therein will be denied. Further, given Mr. Gunnels' failure to show cause why this Court should not enter the filing restrictions proposed in the Order to Show Cause, the Court shall impose those filing restrictions.

Mr. Gunnels was indicted by a federal grand jury on February 27, 2019, for two counts of making a false statement on a loan or credit application. Doc. 2. He pled guilty to Count 2 of the Indictment on May 25, 2021. Doc. 51, 53. He admitted that he had committed the crimes in Albuquerque, New Mexico. Doc. 51 at 3. The Court entered a judgment against Mr. Gunnels on May 23, 2022, and sentenced him to three days in custody or time-served, whichever was less, and four years of supervised release. Doc. 66. Mr. Gunnels violated his conditions of release and came before the Court on March 24, 2025, for a final revocation hearing. Doc. 94. During the

hearing, Mr. Gunnels admitted that he failed to provide his probation officer with requested financial information and failed to follow the instructions of his probation officer. Doc. 100. The Court sentenced him to a term of imprisonment of two months and 26 days, or time-served through Tuesday, March 25, 2025. *Id.* During the hearing, Mr. Gunnels made sovereign citizen arguments. *Id.* The Court rejected those arguments and noted that it had previously denied his pleading putting forth similar arguments. *Id.*; Doc. 70 (denying Mr. Gunnels' Plea for Abatement [Doc. 67]).

Thereafter, Mr. Gunnels filed additional pleadings again containing sovereign citizen arguments. *See* Notice of Special Limited Visitation [Doc. 71], Notice of Parties and Duties of Parties [Doc. 72], Petition for Closed Chambers Hearing [Doc. 75], Petition for Order to Intervene [Doc. 76], Notice of Bill in Equity [Doc. 77], Notice of Parties and Duties [Doc. 85], Notice of Special Limited Visitation [Doc. 86], Notice of Cover Sheet and Declaration of Status [Doc. 102], Notice of Cover Sheet, Jurisdictional Challenge and Demand for Full Accounting [Doc. 103], Affidavit of Mailing [Doc. 104], Notice of Default and Opportunity to Cure [Doc. 105], Notice of Dismissal [Doc. 106], and Certificate of Non-Response [Doc. 107]. In the Order to Show Cause, this Court explained that, as noted in its previous Memorandum Opinion and Order [Doc. 70], the Tenth Circuit has made clear that sovereign citizen arguments are "plainly frivolous." *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017); *see also Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting a sovereign citizen argument in the tax-protester context). "An individual's belief that h[is] status as a 'sovereign citizen' puts h[im] beyond the jurisdiction of the courts has no conceivable validity in American law." *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)) (affirming district judge's dismissal of civil suit against her

based on her actions in a criminal case). Finding Mr. Gunnels' arguments frivolous, the Court

denied the requests set forth in the pleadings before it. Doc. 109.

As to the instant pleadings, the Court finds, for the same reasons, that Mr. Gunnels'

arguments are frivolous, and thus denies the requests set forth therein.

In the Order to Show Cause, the Court found that filing restrictions are appropriate, and

ordered Mr. Gunnels to show cause why the Court should not impose filing restrictions. The

Court provided a detailed list of its proposed filing restrictions, and gave Mr. Gunnels 14 days to

show cause why the Court should not enter those restrictions. More than 14 days have passed

since entry of the Order to Show Cause, and Mr. Gunnels has not filed any objection to the

proposed filing instructions. Instead, he continues to file frivolous pleadings with the Court, in

disregard of the Court's directives. The Court thus now imposes the following filing restrictions

on Mr. Gunnels, effective immediately upon entry of this Order.

Mr. Gunnels is enjoined from making further filings in this case except objections to this

order, a notice of appeal, and a motion for leave to proceed on appeal *in forma pauperis*. The

Clerk shall refrain from filing any additional submissions by Mr. Gunnels in this case other than

objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma*

*pauperis,* unless a licensed attorney who is admitted to practice before this Court and has

appeared in this action signs the proposed filing.

Mr. Gunnels is enjoined from initiating future litigation in this Court and the Clerk shall

refrain from filing any initial pleading that Mr. Gunnels submits, unless either a licensed attorney

who is admitted to practice before this Court signs the pleading or Mr. Gunnels first obtains

permission to proceed *pro se*.  *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Mr. Gunnels must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Mr. Gunnels seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Mr. Gunnels' knowledge, his claims are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation, and he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Mr. Gunnels' claims have previously been raised or Mr. Gunnels has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided, and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Mr. Gunnels' petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Mr. Gunnels' petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules

of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If the

Magistrate Judge does not approve Mr. Gunnels' petition to proceed *pro se*, the Magistrate Judge

shall instruct the Clerk to assign a District Judge to the new case.

       **IT IS ORDERED** that:

       (i)      Mr. Gunnels' Notice of Dismissal [Doc. 110], Declaration of Ancestry,

Nationality, and Standing [Doc. 111], Praecipe and Notice of Special Appearance to Vacate

Conviction [Doc. 112], Motion to Vacate Judgment/Conviction [Doc. 113], and Certificate of

Service [Doc. 114]. are **DENIED**;

       (ii)     The filing restrictions set forth herein are **IMPOSED**; and

       (iii)    The Clerk of this Court is hereby directed to refrain from filing (a) any additional

submissions by Mr. Gunnels in this case other than objections to this order, a notice of appeal, or

a motion for leave to proceed on appeal *in forma pauperis,* and (b) any initial pleading in any

newly initiated litigation by Mr. Gunnels, unless a licensed attorney who is admitted to practice

before this Court and has appeared in this action signs the proposed filing.

ENTERED this 9th day of October 2025.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE