**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                              No. 19-CR-594 MV

KEATON OVERTON GUNNELS

      Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Keaton Overton Gunnels' Motion to Vacate Void Post-Judgment Order and Filing Restrictions [Doc. 123]. This Court, having considered the Motion and relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

Mr. Gunnels was indicted by a federal grand jury on February 27, 2019, for two counts of making a false statement on a loan or credit application. Doc. 2. He pled guilty to Count 2 of the Indictment on May 25, 2021. Doc. 51, 53. He admitted that he had committed the crimes in Albuquerque, New Mexico. Doc. 51 at 3. The Court entered a judgment against Mr. Gunnels on May 23, 2022, and sentenced him to three days in custody or time-served, whichever was less, and four years of supervised release. Doc. 66. Mr. Gunnels violated his conditions of release and came before the Court on March 24, 2025, for a final revocation hearing. Doc. 94. During the hearing, Mr. Gunnels admitted that he failed to provide his probation officer with requested financial information and failed to follow the instructions of his probation officer. Doc. 100. The Court sentenced him to a term of imprisonment of two months and 26 days, or time-served through March 25, 2025. *Id.* During the hearing, Mr. Gunnels made sovereign citizen arguments. *Id.* The Court rejected those arguments and noted that it had previously denied his pleading

putting forth similar arguments. *Id.*; Doc. 70 (denying Mr. Gunnels' Plea for Abatement [Doc. 67]).

Thereafter, Mr. Gunnels filed additional pleadings containing sovereign citizen arguments. *See* Notice of Special Limited Visitation [Doc. 71], Notice of Parties and Duties of Parties [Doc. 72], Petition for Closed Chambers Hearing [Doc. 75], Petition for Order to Intervene [Doc. 76], Notice of Bill in Equity [Doc. 77], Notice of Parties and Duties [Doc. 85], Notice of Special Limited Visitation [Doc. 86], Notice of Cover Sheet and Declaration of Status [Doc. 102], Notice of Cover Sheet, Jurisdictional Challenge and Demand for Full Accounting [Doc. 103], Affidavit of Mailing [Doc. 104], Notice of Default and Opportunity to Cure [Doc. 105], Notice of Dismissal [Doc. 106], and Certificate of Non-Response [Doc. 107]. In a Memorandum Opinion and Order entered on September 8, 2025 ("Order to Show Cause"), this Court explained that, as noted in its previous Memorandum Opinion and Order [Doc. 70], the Tenth Circuit has made clear that sovereign citizen arguments are "plainly frivolous." *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017); *see also Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting a sovereign citizen argument in the tax-protester context). "An individual's belief that h[is] status as a 'sovereign citizen' puts h[im] beyond the jurisdiction of the courts has no conceivable validity in American law." *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)) (affirming district judge's dismissal of civil suit against her based on her actions in a criminal case). Finding Mr. Gunnels' arguments frivolous, the Court denied the requests set forth in the pleadings before it. Doc. 109.

In the Order to Show Cause, the Court further found that filing restrictions were appropriate, and ordered Mr. Gunnels to show cause as to why the Court should not impose filing

restrictions. *Id.* The Court provided a detailed list of its proposed filing restrictions, and gave Mr. Gunnels 14 days to show cause as to why the Court should not enter those restrictions.

After entry of the Order to Show Cause, Mr. Gunnels continued to file pleadings containing sovereign citizen arguments. *See* Keaton Overton Gunnels' Notice of Dismissal [Doc. 110], Declaration of Ancestry, Nationality, and Standing [Doc. 111], Praecipe and Notice of Special Appearance to Vacate Conviction [Doc. 112], Motion to Vacate Judgment/Conviction [Doc. 113], and Certificate of Service [Doc. 114].  He did not, however, file any objection to the proposed filing instructions. In a Memorandum Opinion and Order entered on October 9, 2025 ("Order Imposing Filing Restrictions"), the Court found that Mr. Gunnels' newly filed pleadings were frivolous, and denied the requests set forth therein. Doc. 115. As more than 14 days had passed since the Court had entered the Order to Show Cause, and as Mr. Gunnels had not filed any objection to the proposed filing instructions but instead continued to file frivolous pleadings, the Court imposed filing restrictions on Mr. Gunnels, effective immediately upon entry of the Order Imposing Filing Restrictions. *Id.* The Order Imposing Filing Restrictions made clear that Mr. Gunnels was prohibited from making any further filings in this case other than objections to the imposition of filing restrictions, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*. *Id.*

Thereafter, Mr. Gunnels filed a petition for a writ of mandamus, seeking an order from the Tenth Circuit directing this court to (1) vacate the filing restrictions imposed against him; (2) remove the "sovereign citizen" characterization from his filings; and (3) comply with constitutional and procedural rules. Doc. 122 at 1. In an Order entered on January 27, 2026, the Tenth Circuit found that Mr. Gunnels was not entitled to extraordinary relief in the form of mandamus, explaining, *inter alia*, that Mr. Gunnels "has not established that he has a clear and

indisputable right to prohibit the district court from determining that his filings raised sovereign citizen arguments." *Id.* at 2.

After denial of his petition, Mr. Gunnels filed the instant Motion, seeking relief from the Order Imposing Filing Restrictions. Doc. 123. In support of his motion, he cites to Rule 60(b)(4) and (6) and Rule 60(d)(1) of the Federal Rules of Civil Procedure. *Id.* Rule 60(b) provides that, "on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" where, *inter alia*, "(4) the judgment is void" or for "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Rule 60(d)(1) provides that Rule 60 does not otherwise limit a court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). None of the provisions cited by Mr. Gunnels provides any reasoned basis for the Court to relieve Mr. Gunnels from the Order Imposing Filing Restrictions.

First, Mr. Gunnels has failed to show that the Order Imposing Filing Restrictions is "void." Doc. 123 at 3-8. Mr. Gunnels' voidness assertion relies on the same arguments underlying all of his previous filings, namely that this Court lacks jurisdiction/authorization to rule based on sovereign citizen theories – arguments which both the Tenth Circuit and this Court have repeatedly rejected as frivolous. *Id.*; *see Charlotte*, 433 F. App'x at 661 ("An individual's belief that h[is] status as a 'sovereign citizen' puts h[im] beyond the jurisdiction of the courts has no conceivable validity in American law."). Further, to the extent that Mr. Gunnels is arguing that the Order Imposing Filing Restrictions violates due process because he had neither notice nor an opportunity to be heard before filing restrictions were imposed, that contention is belied by the record. *Id.* The Order to Show Cause provided him with notice that filing restrictions would be

imposed and an opportunity to show cause as to why filing restrictions should not be imposed. Doc. 109. Mr. Gunnels did not file any objection to the proposed filing instructions.

Next, Mr. Gunnels has failed to show that he is entitled to relief under the "catch-all provision" of Rule 60(b)(6). *See United States v. Headley*, No. 23-8048, 2023 WL 6240090, at *3 (10th Cir. Sept. 26, 2023). "The Tenth Circuit has interpreted Rule 60(b)(6)'s scope narrowly, noting that 'a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice.'" *Long v. Blue Shield of California*, No. 24-CV-03352, 2026 WL 1732989, at *3 (D. Colo. June 16, 2026) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)). Indeed, "relief under Rule 60(b)(6) 'is even more difficult to attain than under other Rule 60(b) provisions and 'is appropriate only when it offends justice to deny such relief.'" *Long*, 2026 WL 1732989, at *3 (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)). Mr. Gunnels cites as extraordinary circumstances "the combination of jurisdictional avoidance, improper authority, overbreadth, and prejudice." Doc. 123 at 8. This assertion is vague at best, and identifies no concrete facts to suggest that relief from the Order Imposing Filing Restrictions is necessary to accomplish justice or that it would offend justice to deny such relief. Indeed, these vague assertions are simply different iterations of the sovereign citizen arguments repeatedly rejected as frivolous by the Tenth Circuit and this Court.

Finally, Rule 60(d)(1) is inapplicable here, as that provision simply makes clear that nothing else in Rule 60 is intended to prevent the Court from entertaining *an independent action* to relieve a party from a judgment. Here, Mr. Gunnels has not commenced any such independent action. Accordingly, Rule 60(d)(1) is inapposite.

The Order Imposing Filing Restrictions permitted Mr. Gunnels to file an objection thereto. The instant Motion was construed as such an objection and, accordingly, Mr. Gunnels was permitted to file it. Going forward, consistent with the Order Imposing Filing Restrictions, if Mr. Gunnels attempts to file anything other than a notice of appeal or a motion for leave to proceed on appeal *in forma pauperis*, he will be in violation of the Order Imposing Filing Restrictions, and any such future filings will be returned by the Clerk of the Court without docketing.

**IT IS ORDERED** that on Keaton Overton Gunnels' Motion to Vacate Void Post-Judgment Order and Filing Restrictions [Doc. 123] is **DENIED**.

ENTERED this 6th day of July 2026.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE